**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PRINTOGRAPH, INC., a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>ANGELINA HERNANDEZ, an individual, and DOES 1–10,<br><br>    Defendants. | CASE NO. CV 11-8766-ODW (SSx)<br><br>Order **GRANTING** in Part and **DENYING** in Part Defendant's Motion for Entry of Default Judgment [11] |

## I. INTRODUCTION

Currently before the Court is Plaintiff Printograph, Inc.'s ("Plaintiff") December 22, 2011 Motion for Default Judgment against Defendant Angelina Hernandez ("Defendant"). (Dkt. No. 11.) Having carefully considered the papers filed in support of the instant Motion, the Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion.

## II. FACTUAL BACKGROUND

On October 21, 2011, Plaintiff filed a Complaint in this Court alleging five claims against Defendant for (1) violation of the Computer Fraud and Abuse Act,

1

18 U.S.C. § 1030(g); (2) violation of the California Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502(c); (3) misappropriation of trade secrets; (4) trespass; and (5) breach of contract. (Compl. at 1.) Upon Defendant's failure to respond, the Court issued an Order to Show Cause regarding dismissal for lack of prosecution on November 17, 2011. (Dkt. No. 6.) On November 18, 2011, Plaintiff filed a Request for Entry of Default. (Dkt. No 7.) On November 21, 2011, the Clerk of the Court entered default against Defendant pursuant to Federal Rule of Civil Procedure Rule 55(a). (Dkt. No. 9.) Pending now before the Court is Plaintiff's December 22, 2011 Motion for Default Judgment. (Dkt. No. 11.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) requires that an applicant apply for default judgment in all cases in which the requirements for clerk-entered judgment cannot be met. Fed. R. Civ. P. 55(b)(2). A party must apply for a court-ordered default judgment where, *inter alia*, the claim is for an amount that is not certain or capable of being made certain by computation. Fed. R. Civ. P. 55(b)(2). Pursuant to Local Rule 55-1, an application for a default judgment shall include: (1) when and against what party the default was entered; (2) the identification of the pleadings to which the default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other representative; (4) that the Service Member's Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2). C.D. Cal. L.R. 55-1.

"Ultimately, the choice as to whether a default judgment should be entered is at the sole discretion of the court." *Beachbody, LLC v. Johannes*, No. CV11-1147 PSG (Rzx), 2011 WL 3565226, at *2 (C.D. Cal. Aug. 12, 2011) (quoting *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)). As a general rule, upon default the defendant's liability is conclusively established, and the well-pleaded

factual allegations in the complaint—except those pertaining to damages—are accepted as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F. 2d 915, 917–19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Group*, 559 F. 2d 557, 560 (9th Cir. 1977)). However, in exercising its discretion regarding entry of default, a court must consider several factors, including: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir.1986).

## IV.   DISCUSSION

Plaintiff's Motion for Default Judgment seeks judgment as to liability on each claim asserted in Plaintiff's Complaint. (Dkt. No. 11.) Pursuant to a finding of liability, Plaintiff seeks judgment in the form of $5,000 in compensatory damages; $5,000 in punitive damages; reasonable attorney's fees in accordance with Local Rule 55-3; and a permanent injunction enjoining Defendant from using certain information alleged to have been copied from Plaintiff's computers and mandating the relinquishment of such information to Plaintiff. (*Id.*) The Court considers each in turn.

### A.   Liability

Plaintiff has satisfied the procedural requirements for default judgment pursuant to Federal Rule of Civil Procedure 55(a) and Local Rule 55–1. Specifically, Plaintiff has set forth that (1) the clerk entered default against Defendant on November 21, 2011 (Mot. ¶ 2); (2) the default is based on Plaintiff's Complaint (*id.*); (3) Defendant is not an infant or incompetent person (*id.* ¶ 1); (4) Defendant is not in active military service (*id.*); and (5) Plaintiff served Defendant with notice of its application for default judgment. (*Id.* ¶ 4.) The Court also finds that consideration of the *Eitel* factors weighs in favor of

granting the motion. See *Eitel*, 782 F.2d at 1471–72. Accordingly, Plaintiff's Motion for Default Judgment is **GRANTED** as to liability.

### B. Damages

Plaintiff has failed, however, to adequately prove its damages. "A plaintiff is required to prove all damages sought in the complaint." *Beachbody, LLC*, 2011 WL 3565226, at *2 (citing *Televideo Sys., Inc.*, 826 F.2d at 917–18). Here, Plaintiff seeks actual damages in the amount of $5,000. In support of this request, Plaintiff submits the declaration of Sonik Artounian ("Artounian"), which states, "I *estimate* that the cost to [Plaintiff] of all the foregoing [expenses incurred as a consequence of Defendant's actions] was at least $5,000 . . . ." (Artounian Decl. at 6 (emphasis added).) Plaintiff's mere estimation of the expenses incurred as a result of Defendant's actions is insufficient to establish the amount of Plaintiff's damages. Accordingly, the Court **DENIES** Plaintiff's request for compensatory damages without prejudice.

Plaintiff also seeks punitive damages pursuant to California Penal Code section 502(e)(2) and California Civil Code section 3426.4 and an award of attorney's fees to be fixed in accordance with Local Rule 55-3. Because these awards are contingent in part on the amount of judgment, the Court **DENIES** these requests without prejudice.

### C. Injunctive Relief

Finally, Plaintiff requests the Court to issue a permanent injunction (1) to enjoin Defendant from making any use of Plaintiff's confidential information and disclosing such information to third parties; and (2) directing Defendant to relinquish to Plaintiff all information she copied from Plaintiff's confidential computer records on October 14, 2011.

The Court finds Plaintiff's proposed injunctive relief appropriate. Defendant has failed to respond to the claims brought against her despite receiving adequate notice. Furthermore, before Plaintiffs sought entry of default, Plaintiff's counsel, Doug Moreseburg ("Morseburg"), sent Defendant an email seeking to

4

1  discuss a possible amicable resolution. (Morseburg Decl., Exh. B.) Subsequent
2  to entry of default, Morseburg sent Defendant two further emails seeking possible
3  resolution, notifying Defendant of entry of default, and informing Defendant that
4  Plaintiff would seek default judgment should she fail to respond. (*Id.* at Exhs.
5  C–D.) Nevertheless, Defendant did not respond. The Court therefore finds that
6  failure to grant the injunction would result in Plaintiff's continued exposure to
7  irreparable harm with no method of recourse. *See Elektra Entm't Grp., Inc. v.*
8  *Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005). Accordingly, the Court
9  **GRANTS** Plaintiff's proposed injunction.

## V. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Default Judgment is **GRANTED** as to liability and injunctive relief. Further, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE** with respect to compensatory damages, punitive damages, and attorney's fees.

**IT IS SO ORDERED.**

January 23, 2012

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE